UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Trustees of the Teamsters Local 456 Pension, Health & Welfare, Annuity, Education & Training, S.U.B. Industry Advancement and Legal Services Funds and the Westchester Teamsters Local Union No. 456,<br><br>Plaintiffs,<br><br>-against-<br><br>CARMODY CONCRETE CORP.,<br><br>Defendant. | Index # 07-CIV-9552 (KMK)<br><br>**AFFIDAVIT IN SUPPORT OF DEFAULT JUDGMENT** |

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF WESTCHESTER )

Karin Arrospide, Esq., being duly sworn, deposes and says:

1. I am a member of the bar of this Court and am associated with the firm Barnes, Iaccarino, Virginia, Ambinder & Shepherd, PLLC, as the attorneys of record for the Plaintiffs, Trustees of the Teamsters Local 456 Pension, Health & Welfare, Annuity, Education & Training, S.U.B. Industry Advancement and Legal Services Funds, (hereinafter referred to as the "FUNDS"); and the Westchester Teamsters Local Union No. 456 (hereinafter referred to as the "Union"), in the above entitled action. I am fully familiar with the facts set forth herein, and I submit this Affidavit in support of plaintiffs' entry of Default and Judgment.

2. Plaintiff Funds are jointly administered, multi-employer, labor management employee benefit trust funds established and maintained pursuant to the terms of various collective bargaining agreements and the Labor Management Relations Act of 1947 ("Taft-Hartley Act").

3. Defendant CARMODY CONCRETE CORP., (hereinafter referred to as "the Employer") is an Employer within the meaning of Section 3(5) and 515 of ERISA, 29 U.S.C. Section 1002(5) and 1145, and an Employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act, 29 U.S.C. Section 185.

4. This is an action to recover certain delinquent benefit fund contributions owed to the Funds and contributions owed to the Union by the Employer pursuant to a Collective Bargaining Agreement (hereinafter referred to as the "C.B.A.") between the Union and the Employer.

5. This action was commenced on October 25, 2007 by the filing of a Summons and Complaint. The Summons and Complaint was served upon the Employer on November 1, 2007 via Secretary of State.

6. The Proof of Service was filed with the Clerk of this Honorable Court on November 14, 2007. A copy of the summons, complaint and proof of service thereof are annexed hereto collectively as Exhibit "A".

7. The Employer has failed to answer, appear or otherwise defend this action within the time period permitted by law.

8. As set forth in the complaint, jurisdiction of the subject matter is premised upon Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended "ERISA" (29 U.S.C. Sections 1132 and 1145) and Section 301 of the Labor-Management Relations Act of 1947 (29 U.S.C. Section 185).

9. The Employer as party to the C.B.A. is required to remit to the Funds benefit contributions and reports in a timely fashion. If the Employer fails to remit the contributions in a timely fashion in accordance with the C.B.A. and the Funds are forced to file suit then the employer is required to remit assessed interest at the prime as stated on the 1st business day of the year and liquidated damages equivalent to 10% of the total amount of contributions that were remitted late. The C.B.A. also provides that in addition to the amount due as interest and liquidated damages there shall be added reasonable attorneys' fees and court costs and disbursements incurred by the Funds in the collection of the delinquency.

10. The Employer failed to remit to the Plaintiffs benefit contributions in the minimum sum of $44,227.07 for the period 1/05-12/05: (which includes $30,090.00 in unpaid contributions to the Funds and Union; $7,498.07 in interest calculated at ten percent (10%) per annum for each delinquent month through May, 2008; $3,009.00 in liquidated damages calculated at 10% of the unpaid principal due; reasonable attorneys' fees in the amount of $3,200.00 and court costs and disbursements in the amount of $430.00 pursuant to the collective bargaining agreement and in accordance with Section 502 (g)(2)(D) of ERISA 29 U.S.C. 1132 (g)(2)(D)). A copy of the Funds' statement for the contribution period 1/05-12/05, which provides the calculations of the unpaid contributions is attached hereto as Exhibit "B".

11. The amounts set forth in the Statement of Damages are justly due and owing no part thereof has been paid to the Funds. The amount of costs set forth therein consists of the following items and amounts:

    a. Filing fee paid to the Clerk of the Court for the S.D.N.Y.      $350.00
    b. Statutory fee paid to the New York Secretary of State in
       connection with service upon the Employer      $ 40.00
    c. Fee to service of process corporation      $ 40.00
                                                                                      Total: $430.00

12. Upon information and belief, there is no just reason for delay of entry of a judgment against the Employer.

13. Your affirmant was admitted to this Court in 2003, and I have been prosecuting actions for the recovery of employee benefits on behalf of various union trust funds for more than five (5) years. During the course of this case, I acted as lead counsel with the assistance of my paralegal with court filings. The customary rate for an associate attorney in our firm is $250.00 per hour and $100.00 for paralegals. The attorneys' fees sought on this application are 10 hours @ 250.00 per hour = $2,500.00 and 7.0 hours @ $100.00 per hour = $700.00. This rate and fee are reasonable and justified given the circumstances of this matter.

14. A summary of the total hours spent on various tasks by your affirmant and paralegal are as follows:

October 15, 2007    Review/analyze request for commencement of suit received from Funds Office; drafted and prepared demand letter to defendant/Employer; calendared deadline for payment; correspondence to Funds' Office regarding status of payment. 0.5 hours

October 23, 2007    Document preparation, drafted, reviewed and prepared summons, complaint, rule 7.1 statement, civil cover sheet, legal backs, court filing fees; preparation of all photocopies; drafted and prepared memorandum with instructions to process server; reviewed and analyzed Employer's status with NY Secretary of State for service. 2.0 hours

October 25, 2007    Electronically transmitted documents to court for ECF filing 0.5 hours

November 14, 2007    Attention to and filed Affidavit of Service electronically and in person witht the Clerk of the Court. 0.5 hours

November 27, 2007    Telephone conference with defendant; discussed settlement. 1.0 hours

December 3, 2007    Telephone conference with Funds office, confirmed period and amounts owed. 1.0 hours

December 27, 2007    Document preparation: drafted, prepared and mailed settlement agreement to defendant for signing. 2.5 hours

January 12, 2008    Received and reviewed letter from defendant rejecting our proposed settlement documents. 1.0 hours

January 19, 2008    Telephone conference with defendant; discussed problems with settlement agreement. 1.0 hours

February 19, 2008    Telephone conference with Funds Office; confirmed terms of new agreement. 0.5 hours

March 4, 2008    Document preparation: drafted, prepared and mailed new settlement agreement to defendant for signing. 2.5 hours

May 5, 2008    Defendant did not sign and return the settlement documents. Document preparation: drafted, prepared and filed OSC, supporting motion for entry of default; attorneys' affidavit, statement of damages, clerk's certificate, request for entry of default; reviewed and copied all annexed exhibits; service of all papers on defendant. 4.0 hours

15. As a result of Defendant's default, Plaintiffs are entitled to damages as follows:

    (a) In the minimum sum of $44,227.07, which includes $30,090.00 in unpaid contributions for the period 1/05-12/05; $7,498.07 in interest calculated at ten percent (10%) per annum for each delinquent month through May, 2008; $3,009.00 in liquidated damages calculated at 10% of the unpaid principal due; reasonable attorneys' fees in the amount of $3,200.00, court costs and disbursements in the amount of $430.00 all pursuant to the collective bargaining agreement and in accordance with Section 502 (g)(2)(D) of ERISA 29 U.S.C. 1132 (g)(2)(D).

    (b) For such other and further relief as the Court deems appropriate.

~~WHEREFORE, plaintiffs request the entry of Default and the entry of the annexed~~ Judgment against defendants in the amount of $44,227.07.

Dated: Elmsford, New York
       May 6, 2008

_Karin Arrospide_
Karin Arrospide, Esq.(KA9319)
BARNES, IACCARINO, VIRGINIA,
AMBINDER & SHEPHERD, PLLC
258 Saw Mill River Road
Elmsford, New York 10523
(914) 592-1515

Sworn to before me this
6th day of May, 2008.

_Notary signature_
Notary Public

CHRISTIE S. ROOS
Notary Public, State of New York
No. 01RO6014276
Qualified in Westchester County
Commission Expires October 5, 2010

**Exhibit A**


ECF CASE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------

Trustees of the Teamsters Local 456 Pension, Health & Welfare, Annuity, Education & Training, S.U.B., Industry Advancement and Legal Services Funds and the Westchester Teamsters Local Union No. 456,

                        Plaintiffs,

            -against-

CARMODY CONCRETE CORP.,

                        Defendant.

-----------------------------------------------------------

COMPLAINT

07 CIV. 9552

JUDGE KARAS

FILED OCT 2 5 2007 USDC WP SDNY

     Trustees of the Teamsters Local 456 Pension, Health & Welfare, Annuity, Education & Training, S.U.B., Industry Advancement and Legal Services Funds, (hereinafter referred to as the "FUNDS"); and the Westchester Teamsters Local Union No. 456, (hereinafter referred to as the "UNION"), by and through their attorneys, BARNES, IACCARINO, VIRGINIA, AMBINDER & SHEPHERD, PLLC, allege as follows:

## JURISDICTION AND VENUE

     1. This action is based on the provisions of Section 301 of the Labor Management Relations Act of 1947 (hereinafter referred to as the "Taft-Hartley Act") 29 U.S.C. Section 185, and on Section 502(a)(3) and Section 515 of the Employee Retirement Income Security Act, as amended (hereinafter referred to as "ERISA") (29 U.S.C. Section 1132(a)(3) and 29 U.S.C. 1145).

     2. Jurisdiction is conferred upon this Court by Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and Sections 502(e)(1) and 502(f) of ERISA (29 U.S.C. Sections 1132(e)(1) and 1132(f)); and derivative jurisdiction is contained in 28 U.S.C. Sections 1331 and 1337.

3. Venue properly lies in this District under the provisions of 502(e)(2) of ERISA (29 U.S.C. Section 1132(e)(2)) and Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and 28 U.S.C. Section 1391(b).

4. This action is brought by the respective Trustees of the Funds in their fiduciary capacities and the Union for injunctive relief, monetary damages and other equitable relief under ERISA and for breach of a labor contract to secure performance by an Employer of specific statutory and contractual obligations to submit the required monetary contributions to the Plaintiffs.

## PARTIES

5. The Plaintiff Trustees are, at all relevant times, the fiduciaries of jointly administered multi-employer, labor management trust funds as defined by Section 3(21)(A) and Section 502(a)(3) of ERISA (29 U.S.C. Sections 1002(21)(A) and 1132(a)(3)). The Funds are established and maintained by the Union and various Employers pursuant to the terms of the Collective Bargaining Agreements and Trust Indentures in accordance with Section 302(c)(5)(1) of the Taft-Hartley Act (29 U.S.C. Section 186 (c)(5)). The Funds are employee benefit plans within the meaning of Sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. Sections 1002 3(1), 3(2), 3(3) and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. Sections 1002(37) and 1145). Plaintiffs are Trustees of the Funds and the "plan sponsor" within the meaning of Section (3)(16)(B)(iii) of ERISA (29 U.S.C. Section 1002(16)(B)(iii)).

6. The Funds provide fringe benefits to eligible employees, retirees and their dependents on whose behalf the Employer is required to contribute to the Funds pursuant to its Collective Bargaining Agreement (hereinafter referred to as the "C.B.A.") between the Employer and the Union. The Funds are authorized to collect contributions on behalf of the employees of the Employers, and the Plaintiff Trustees

as fiduciaries of the Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. Section 1132(d)(1)) and are obligated to bring actions to enforce the provisions of the C.B.A. related to the protection of employee benefit rights.

7. The Funds' principal office is located and administered at 160 South Central Avenue, Elmsford, New York 10523, in the County of Westchester.

8. The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. Section 142), and Section 3(4) of ERISA (29 U.S.C. Section 1002(4)), and as further defined in Section 12 of the General Associations Law of the State of New York.

9. The Plaintiff Union maintains an office and is administered at 160 South Central Avenue, Elmsford, New York 10523, in the County of Westchester.

10. Upon information and belief, the Defendant CARMODY CONCRETE CORP., (hereinafter referred to as "the Employer") at all relevant times, was and is an "employer" within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. Sections 1002(5) and 1145) and was and still is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185).

11. Upon information and belief, the Employer is a for profit domestic corporation duly organized and existing pursuant to the laws of the State of New York with its principal place of business at 9 South Court, Wappinger Falls, New York 12590, in the County of Dutchess.

## CAUSES FOR RELIEF
## AS AND FOR A FIRST CLAIM FOR RELIEF

12. The Employer executed a C.B.A. with the Union and/or was and still is a party to a C.B.A. with the Union by virtue of membership in an Employer Association.

13. The C.B.A. requires the Employer to submit contribution reports setting forth the hours that each of its employees worked and the amount of contributions due pursuant to the rate schedules set forth in the C.B.A. for all work performed by its employees covered by the C.B.A. and to remit such monetary contributions in accordance with the C.B.A.

14. Upon information and belief, as a result of work performed by the individual employees of the Employer pursuant to the C.B.A., there became due and owing to the Funds and Union from the Employer contribution reports, fringe benefit contributions and dues check-off.

15. The Employer has failed and refused to remit to the Funds and Union fringe benefit contributions and dues check-off due and owing under the C.B.A. and in accordance with the Trust Indentures for the period May 1, 2007 – August 31, 2007 in the amount of $11,742.00.

16. These amounts described in paragraph 15 above are due and owing to the Funds and Union are self-reported and are subject to audit.

17. The Employer's failure, refusal or neglect to remit the proper contributions, and dues check-off to the Plaintiffs constitutes a violation of the C.B.A.

18. Pursuant to the C.B.A., as a result of the Employer's delinquency, the delinquent Employer may be required to pay, in addition to the delinquency, interest at the rate of ten (10%) percent per annum, together with liquidated damages in the amount of ten (10%) percent of the total delinquency and legal fees in the amount of fifteen (15%) percent of the delinquent amount.

19. Accordingly, the Employer is liable to Plaintiffs for contribution reports and fringe benefit contributions for the period May 1, 2007 – August 31, 2007 in the amount of $11,742.00.

## AS AND FOR A SECOND CLAIM FOR RELIEF

20. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "19" of this Complaint as if fully set forth at length herein.

21. Section 515 of ERISA, (29 U.S.C. Section 1145) requires employers to pay fringe benefit contributions in accordance with the terms and conditions of the collective bargaining agreements and/or trust indentures.

22. The Employer has failed to pay or timely pay the fringe benefit contributions owed to Plaintiffs as a result of work performed by individual employees of the Employer. Such failure to make timely payment constitutes a violation of Section 515 of ERISA (29 U.S.C. Section 1145).

23. Section 502 of ERISA (29 U.S.C. Section 1132) provides that upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. Section 1145) which requires employers to pay fringe benefit contributions in accordance with the terms and conditions of collective bargaining agreements, the Court shall award payment to a plaintiff Fund of the unpaid fringe benefit contributions, plus statutory damages and interest on the unpaid principal amount due both computed at a rate set forth in the United States Internal Revenue Code (26 U.S.C. Section 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

24. The failure to pay has injured the Funds and Union by delaying the investment of contributions and causing unnecessary administrative costs for the Funds and Union and has further injured the participants and beneficiaries and other contributing employers of the benefit plan in the form of lower benefits and higher contribution amounts.

25. Accordingly, the Employer is liable to Plaintiffs under the C.B.A. concerning the payment of fringe benefit contributions and under Sections 502 and 515 of ERISA (29 U.S.C. Sections 1132 and 1145) due to the failure to pay contributions when they are due.

26. Accordingly, the Employer is liable to Plaintiffs for unpaid fringe benefits contributions for the period May 1, 2007 – August 31, 2007 in the amount of $11,742.00 plus interest on the delinquent contributions, liquidated damages, court costs and attorneys' fees.

## AS AND FOR A THIRD CLAIM FOR RELIEF

27. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1 through 26" of this Complaint as if set forth at length herein.

28. Pursuant to ERISA and the Collective Bargaining Agreement, the Employer is required to timely submit current fringe benefit contributions, dues check-off and reports to Plaintiffs.

29. Upon information and belief, the Employer has in the past failed to timely submit current fringe benefit contributions, dues check-off and reports to plaintiffs and is in breach of the statutory obligations under ERISA and the Collective Bargaining Agreement.

30. During the course of the instant action, additional contributions and/or delinquency charges may become due and owing. If the Employer fails to pay the contributions and/or delinquency charges, as part of this action, at the time of trial or judgment, whichever is later, those additional amounts should be included.

## AS AND FOR A FOURTH CLAIM FOR RELIEF

31. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "30" of this Complaint as if set forth at length herein.

32. The financial integrity of the Plaintiff Funds and the allocation of proper eligibility and credit to the members is determined and are based upon prompt and accurate remittance of reports and fringe benefit contributions from the Employer.

33. Plaintiff Funds have no adequate remedy at law to ensure that the Employer will adhere to their continuing statutory and contractual obligations.

34. The failure of the Employer to promptly remit reports and payment will cause Plaintiffs immediate and irreparable injury unless the Employer and its officers, agents and servants are enjoined from failing, refusing or neglecting to submit the required current monetary contributions and reports to plaintiffs.

35. By reason of the foregoing, Plaintiffs are entitled to a permanent injunction enjoining the Employer from any further or future violations of this or subsequent collective bargaining agreements with plaintiff Union, as such agreements apply to the obligation of Employer to the Plaintiffs herein.

**WHEREFORE**, Plaintiffs respectfully pray for Judgment against the Defendant CARMODY CONCRETE CORP., as follows:

On the First and Second Claims for Relief:

(a) In the minimum sum of **$11,742.00** for unpaid contributions to the Funds for work performed for the period May 1, 2007 – August 31, 2007 plus interest at the rate of ten (10%) percent per annum from when the contributions were due and liquidated damages calculated at ten (10%) percent of the principal amount due.

(b) Attorneys' fees calculated at fifteen (15%) percent of the principal amount due and court costs and disbursements as mandated by Section 502(g)(D) of ERISA, 29 U.S.C. Section 1132(g)(2)(D) and the C.B.A.;

On the Third Claim for Relief:

(c) Damages in the amount of any additional contributions and/or delinquency charges which may become due and owing during the course of the instant action which amount shall include the principal, plus interest and liquidated damages.

On the Fourth Claim for Relief:

(d) A permanent injunction enjoining the Employer from violating the terms of this or successive Collective Bargaining Agreements and Declarations of Trust as they relate to the plaintiffs herein, including but not limited to the reporting and paying of all fringe benefit contributions in a timely fashion.

On All Claims for Relief:

    (e) For such other and further relief as to the Court deems appropriate.

Dated: Elmsford, New York
       October 23, 2007

                                  Respectfully submitted,

                                  BARNES, IACCARINO, VIRGINIA,
                                  AMBINDER & SHEPHERD, PLLC

                                  *Karin Arrospide*

                                  Karin Arrospide, Esq. (KA9319)
                                  Attorneys for Plaintiffs
                                  258 Saw Mill River Road
                                  Elmsford, New York 10523
                                  (914) 592-1515

# AFFIDAVIT OF SERVICE THROUGH THE SECRETARY OF STATE

Index # 07CIV9552
STATE OF NEW YORK    UNITED STATES DISTRICT COURT    Purchased/Filed October 25, 2007
SOUTHERN DISTRICT OF

Trustees of the Teamsters Local 456 Pension, Health & Welfare, Annuity, Education & Training, S.U.B. Industry Advancement and Legal Services Funds and the Westchester Teamsters Local    Plaintiff

against

Carmody Concrete Corp.    Defendant

STATE OF NEW YORK
COUNTY OF ALBANY    SS.:

_____Jessica Miller_____, being duly sworn, deposes and says: deponent is over the age of eighteen (18) years; that on __November 1, 2007__, at __2:00pm__, at the office of the Secretary of State of the State of New York in the City of Albany, New York deponent served the annexed

Summons in a Civil Action and Complaint and Rule 7.1 Statement

on ____Carmody Concrete Corp.____, the Defendant in this action, by delivering to and leaving with ____Chad Matice____ AUTHORIZED AGENT in the Office of the Secretary of State, of the State of New York, personally at the Office of the Secretary of State of the State of New York, __2__ true copies thereof and that at the time of making such service, deponent paid said Secretary of State a fee of __40__ dollars; That said service was made pursuant to Section __306 Business Corporation Law__.

Deponent further says that deponent knew the person so served as aforesaid to be the agent in the Office of the Secretary of State of the State of New York, duly authorized to accept such service on behalf of said defendant.

Description of the person served: Approx. Age: __28__   Approx. Wt: __200__   Approx. Ht: __6'0"__
Color of skin: __White__   Hair color: __Brown__   Sex: __M__   Other: _____

Sworn to before me on this
__5th__ day of __November, 2007__

DONNA M. TIDINGS
NOTARY PUBLIC, State of New York
No. 01TI4898570, Qualified in Albany County
Commission Expires June 15, 2011

Jessica Miller

Invoice•Work Order # SP0709193

SERVICO, INC. - PO BOX 871 - ALBANY, NEW YORK 12201 - PH 518-463-4179

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

Trustees of the Teamsters Local 456 Pension, Health & Welfare, Annuity, Education & Training, S.U.B., Industry Advancement and Legal Services Funds and the Westchester Teamsters Local Union No. 456,

Index #

**SUMMONS IN A CIVIL ACTION**

Plaintiffs,

-against-

CARMODY CONCRETE CORP.,

**07 CIV. 9552**

Defendant.

-------------------------------------------------------------------x

**JUDGE KARAS**

TO:   CARMODY CONCRETE CORP.
      9 SOUTH COURT
      WAPPINGER FALLS, NY 12590

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of the Southern District Court and serve upon

**PLAINTIFF'S ATTORNEY:**

BARNES, IACCARINO, VIRGINIA,
AMBINDER & SHEPHERD, PLLC
258 SAW MILL RIVER ROAD
ELMSFORD, NY 10523

an answer to the complaint which is herewith served upon you, within **30** days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**J. MICHAEL McMAHON**
CLERK                              OCT 25 2007
                                   DATE

BY DEPUTY CLERK

**Exhibit B**



**Webmail**



Help    Logout



Inbox   Compose   Address Book   Folders   Options                                        resa

My Mail > Inbox

prev | next

[Delete] or Move Message(s) to: [Move]                          [Reply] [Reply All] [Forward]

view message source | printable view

From:    Anthony Vataj <avataj@teamsterslocal456funds.com>   [Add to Address Book | Whitelist | Blacklist]
To:      <resa@bivaslaw.com>
Cc:
Subject: (no subject)
Date:    5/2/2008
Time:    3:36 PM

Attachments: None

View message part: plain text | HTML

View Message Contents in:  Select Encoding:

**Carmody Concrete Corp. owes:**

| Period: | Principle: | Interest @ 7.20%: | Interest @ 10%: |
|---|---|---|---|
| 1/31/05-12/31/05 | $30,090.00 | $3,007.46 | $7,498.07 |

(All numbers are based on audit findings)

**Barrier Oil's number from 5/07- Current:**

| Period: | Principle: | Interest @ 7.20%: | Interest @ 10%: |
|---|---|---|---|
| 5/07-2/08 | $60,925.18 | $1,547.42 | $2,406.80 |

(All numbers are based on company contribution reports)

**TJR Excavating Contractors owes:**

| Period: | Principle: | Int. @ 7.20%: | Int. @ 10%: |
|---|---|---|---|
| 1/06-3/06, 9/06-12/06, & 10/07-2/08 | $34,136.00 | $1,697.01 | 3,270.29 |

Back Interest for Periods 7/05-12/05, 4/06-7/06, &1/07-7/07: $331.49

(All delinquent periods are based on estimates)

**CJN Enterprises Inc. owes:**

| Period: | Principle: | Interest @ 7.20%: | Interest @ 10%: |
|---|---|---|---|